**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER JENSEN, individually; SANDY JENSEN, individually, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CHEE YAZZIE BURNSIDES, in his individual and official capacity; CITY OF WILLIAMS POLICE DEPARTMENT; CITY OF WILLIAMS, <br><br> Defendants - Appellees. | No. 08-17608 <br><br> D.C. No. 3:06-cv-02356-GMS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted December 8, 2009
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON and BEA, Circuit Judges.

This appeal concerns the fatal shooting of Heath Jensen (Jensen) by Officer

Chee Yazzie Burnsides of the City of Williams Police Department. Appellants

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Roger and Sandy Jensen, Jensen's parents, challenge the district court's grant of summary judgment in favor of Officer Burnsides, the City of Williams Police Department, and the City of Williams on their excessive force and municipal liability claims.

The district court properly granted summary judgment in favor of Officer Burnsides because Appellants failed to raise a material factual dispute regarding whether Officer Burnsides' shooting of Jensen was objectively reasonable. The undisputed facts reflect that Jensen violently attacked Officer Burnsides. Because Officer Burnsides' response to Jensen's attack was objectively reasonable, there was no constitutional violation. *See Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007) ("In a Fourth Amendment excessive force case, defendants can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citation and internal quotation marks omitted); *see also Billington v. Smith*, 292 F.3d 1177, 1185 (9th Cir. 2002).

Because Officer Burnsides did not violate Jensen's constitutional rights, the district court properly granted summary judgment in favor of the City of Williams Police Department and the City of Williams on Appellants' municipal liability

claims.  *See Long*, 511 F.3d at 907 ("If no constitutional violation occurred, the municipality cannot be held liable and whether the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.") (citation and internal quotation marks omitted).

**AFFIRMED.**